1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

9

HORACE THOMAS,

Case No.  2:14-cv-00619-MMD-CWH

10

Plaintiff,

v.

SCREENING ORDER
ON AMENDED COMPLAINT

11

MERLE BRUCE,

12

Defendant.

13

14        Plaintiff, a prisoner in the custody of the California Department of Corrections and

15   Rehabilitation, has submitted an amended civil rights complaint pursuant to 42 U.S.C. §

16   1983 and has filed a motion to strike and three motions for appointment of counsel.

17   (Dkt. nos. 16, 24, 25, 30, 31.) Defendant has filed a motion to dismiss. (Dkt. no. 21.)

18        On June 3, 2014, this Court entered a screening order on Plaintiff's original

19   complaint and dismissed the complaint in its entirety, with prejudice, for failure to state a

20   claim. (Dkt. no. 6 at 5.) The Court also denied Plaintiff's application to proceed *in forma*

21   *pauperis* as moot. (*Id.*) Plaintiff appealed. (Dkt. no. 9.) The Ninth Circuit issued an order

22   acknowledging that the Court had properly dismissed Plaintiff's complaint for failure to

23   state a claim but held that the Court abused its discretion by not providing Plaintiff with

24   an opportunity to amend. (Dkt. no. 14 at 2.) The Court now screens Plaintiff's amended

25   civil rights complaint pursuant to 28 U.S.C. § 1915A.

26   I.    SCREENING STANDARD

27        Federal courts must conduct a preliminary screening in any case in which a

28   prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957

2

(9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.    SCREENING OF AMENDED COMPLAINT

In the amended complaint, Plaintiff sues Defendant Dr. Merle Bruce of Reno, Nevada, for events that took place while Plaintiff was incarcerated at High Desert State Prison in Susanville, California.  (Dkt. no. 16 at 1-2.)  Plaintiff alleges one count and seeks monetary damages.  (*Id.* at 4, 9.)

///

The complaint alleges the following: On February 10, 2013, several white supremacists assaulted Plaintiff causing Plaintiff to suffer a fractured nasal passage and jaw. (*Id.* at 3.) Prison officials hospitalized Plaintiff on the prison grounds and then contracted Dr. Bruce to repair Plaintiff's jaw. (*Id.*) Dr. Bruce accepted the contract. (*Id.*) On March 1, 2013, Dr. Bruce had prison officials transport Plaintiff to Renown Hospital in Reno. (*Id.* at 4.) Dr. Bruce did not explain any procedures to Plaintiff. (*Id.*) When Plaintiff was "put under," Dr. Bruce sliced a portion of Plaintiff's throat instead of going through Plaintiff's mouth. (*Id.*) Dr. Bruce placed a rod inside of Plaintiff's chin which damaged the nerve in front of Plaintiff's chin. (*Id.*) A piece of Plaintiff's tooth root was left protruding through the bottom of the gum below the wired area. (*Id.*) Plaintiff's chin remains numb which affects his eating and speech. (*Id.*) Plaintiff frequently bites his lip because Dr. Bruce set his jaw incorrectly. (*Id.*) Dr. Bruce had a "sufficiently culpable state of mind during the surgery." (*Id.*) Plaintiff alleges an Eighth Amendment violation. (*Id.*)

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard — that the deprivation was serious enough to constitute cruel and unusual punishment — and a subjective standard — deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's

1    pain or possible medical need and (b) harm caused by the indifference." *Id.*

2    "Indifference may appear when prison officials deny, delay or intentionally interfere with

3    medical treatment, or it may be shown by the way in which prison physicians provide

4    medical care." *Id.* (internal quotations omitted). When a prisoner alleges that delay of

5    medical treatment evinces deliberate indifference, the prisoner must show that the delay

6    led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404,

7    407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to

8    state a claim of deliberate medical indifference").

9         "[A] complaint that a physician has been negligent in diagnosing or treating a

10   medical condition does not state a valid claim of medical mistreatment under the Eighth

11   Amendment. Medical malpractice does not become a constitutional violation merely

12   because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Even

13   gross negligence is insufficient to establish deliberate indifference to serious medical

14   needs. *See Toguchi  v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

15        The Court finds that Plaintiff fails to state an Eighth Amendment claim for

16   deliberate indifference to serious medical needs. Based on the allegations, Dr. Bruce

17   treated Plaintiff shortly after the California prison contracted him to perform surgery on

18   Plaintiff.  Instead, Plaintiff attempts to argue that Dr. Bruce did a poor job during surgery

19   which has left Plaintiff numb, unable to eat and speak, and unable to close his jaw

20   correctly. Plaintiff is once again attempting to allege a claim for medical malpractice

21   which is not cognizable as a constitutional violation. As such, the Court dismisses the

22   claim with prejudice, as amendment would be futile, for failure to state a claim.

23   **III.   MOTION TO DISMISS & STRIKE**

24        The Court dismisses Dr. Bruce's motion to dismiss (dkt. no. 21) and Plaintiff's

25   motion to strike the motion to dismiss (dkt. no. 24) as moot because Plaintiff has failed

26   to state a cognizable claim during screening.

27   ///

28   ///

1  **IV.    MOTIONS FOR APPOINTMENT OF COUNSEL**

2          Plaintiff has filed three motions for appointment of counsel. (Dkt. nos. 25, 30, 32.)

3  A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983

4  civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant

5  to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person

6  unable to afford counsel." However, the court will appoint counsel for indigent civil

7  litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th

8  Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances'

9  exist, a court must consider 'the likelihood of success on the merits as well as the ability

10 of the petitioner to articulate his claims *pro se* in light of the complexity of the legal

11 issues involved." *Id.* "Neither of these considerations is dispositive and instead must be

12 viewed together." *Id.* In the instant case, the Court does not find exceptional

13 circumstances that warrant the appointment of counsel. The Court denies the motions

14 for appointment of counsel.

15 **V.    CONCLUSION**

16         For the foregoing reasons, it is ordered that the amended complaint (dkt. no. 16)

17 is dismissed in its entirety, with prejudice, as amendment would be futile, for failure to

18 state a claim.

19         It is further ordered that the motion to dismiss (dkt. no. 21) is denied as moot.

20         It is further ordered that the motion to strike (dkt. no. 24) is denied as moot.

21         It is further ordered that the motions for appointment of counsel (dkt. nos. 25, 30,

22 32) are denied.

23         It is further ordered that this Court certifies that any *in forma pauperis* appeal

24 from this order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

25         It is further ordered that the Clerk of the Court shall enter judgment accordingly.

26         DATED THIS 9th day of June 2015.

27

28                                        _____
                                          MIRANDA M. DU
                                          UNITED STATES DISTRICT JUDGE